**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALBERT DICKENS, : : Petitioner, : : v. : : UNITED STATES OF AMERICA, : : Respondent. : | Civ. Action No. 03-3953 (JAG)<br><br>**OPINION** |

**GREENAWAY, JR., U.S.D.J.**

**INTRODUCTION**

Petitioner Albert Dickens ("Petitioner") has filed this pro se petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2255 ("§ 2255").[1] Petitioner contends that his sentence should be vacated for two reasons. First, Petitioner claims his "supervised release" in July 2000 was in error, because his mandatory release on July 20, 2000 should have been the termination of his sentence. Second, Petitioner claims that the application of law to his re-sentencing was in error. Petitioner has filed three previous habeas petitions challenging the same conviction, in violation of 28 U.S.C. § 2244, which prohibits a prisoner from bringing successive suits on the

---

[1] 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

1

same claim. Petitioner has also failed to seek direct review of his sentence, and therefore, has not exhausted his legal remedies, as required by § 2255. Petitioner has not otherwise alleged a basis upon which this Court should grant relief pursuant to § 2255. Based on these reasons, the petition is denied.

## BACKGROUND

On August 21, 1981, a federal grand jury in the District of New Jersey returned a 19-count indictment charging Petitioner with conspiring to conduct and participate in racketeering activities, knowingly participate in a pattern of racketeering activity, bank robbery, and assault with dangerous weapons during the commission of the robbery. (Declaration of Mauro M. Wolfe dated Aug. 5, 2005 ("Wolfe Decl."), at ¶ 4, Ex. 2.) Petitioner entered a plea of "not guilty" on October 21, 1981. (Wolfe Decl. ¶ 4, Ex. 2 at 9.)

On December 8, 1981, Petitioner was convicted by a jury and sentenced by the United States District Court (U.S.D.J. Stern) for the District of New Jersey, to a 25 year term of imprisonment, to be served consecutive to any State sentence defendant may have been serving. (Wolfe Decl. ¶ 4, Ex. 3.)

On or about November 19, 1986, the United States Parole Commission ("U.S. Parole Commission") ordered Petitioner to serve to the expiration of his sentence, October 17, 2010. (Wolfe Decl. ¶ 6, Ex. 5.)[2]

Petitioner was released on or about July 20, 2000, pursuant to the mandatory release guidelines in 18 U.S.C. § 4163 (repealed 1984). (Wolfe Decl. ¶ 7.) Upon release, Petitioner remained under the custody of the U.S. Parole Commission, as if on parole, as provided by 18

---

[2] Effectively, this meant that the Petitioner was to remain under the supervision of the U.S. Parole Commission until October 17, 2010, regardless of the actual date that he was released from custody. (Wolfe Decl. ¶ 6.)

U.S.C. § 4164 (repealed 1984), and subject to various conditions until the expiration of his maximum sentence date, less 180 days, or April 20, 2010. (Wolfe Decl. ¶ 7, Ex. 6.)

On or about April 10, 2003, the U.S. Parole Commission issued an arrest warrant for Petitioner, for alleged violations of certain conditions of his mandatory release. (Wolfe Decl. ¶ 8, Ex. 7.) On April 21, 2003, Petitioner was arrested by the U.S. Marshal's Service for violation of his mandatory release. (Wolfe Decl. ¶ 9, Ex. 8.) He was charged with the following offenses: (1) Falsifying supervision reports; (2) Associating with persons having a criminal record; (3) Failure to provide truthful information to the U.S. Parole Office; and (4) Use of dangerous and habit-forming drugs. (Wolfe Decl. ¶ 10, Ex. 9.) Petitioner admitted to the charges, was found guilty, and was returned to federal confinement for 12 months. (Wolfe Decl. ¶ 11, Ex. 10.) Petitioner was re-paroled under the supervision of the U.S. Parole Commission on April 21, 2004. (Wolfe Decl. ¶ 13.) Petitioner remains under the supervision of the U.S. Parole Commission until the expiration of his maximum term on October 17, 2010. (Wolfe Decl. ¶ 13.)

On August 8, 2003, Petitioner filed the instant pro se petition (his fourth) for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. (Pet'r's Mot.) The Government answered on August 5, 2005. (Gov't's Answer.)

## STANDARD OF REVIEW

Section 2255 provides a prisoner in federal custody the opportunity to challenge his sentence if it was unlawfully imposed. Section 2255 allows a petition to proceed on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds. "[A] motion to vacate sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the court." United States v. Williams,

615 F.2d 585, 591 (3d Cir. 1980). Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter. See id.

Habeas corpus does not encompass all sentencing errors because it is not a substitute for direct appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Addonizio, 442 U.S. 178, 184 (1979). Errors that justify reversal on direct appeal may not necessarily be sufficient to support collateral relief. Id. at 185. Where a prisoner fails "to raise his claim on direct review, the writ [of habeas corpus] is available only if the [prisoner] establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'" Reed, 512 U.S. at 354 (quoting Wainwright v. Sykes, 433 U.S. 72 (1977)). Alternatively, collateral relief is available under § 2255 when the claimed error of law constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. As such, the error must present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Davis v. United States, 417 U.S. 333, 346 (1974).

Section 2255 imposes a statute of limitations, requiring that the petition be filed within one year of the latest of the date on which: (1) judgment of conviction becomes final; (2) the governmental action in violation of the Constitution occurred; (3) the right asserted was initially recognized by the Supreme Court; or (4) the facts supporting the claim(s) could have been discovered.

## DISCUSSION

**A.   Petitioner Has Filed Successive Applications**

28 U.S.C. § 2244 states, in relevant part, that "no circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a

person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in § 2255." See Carmona v. United States, 390 F.3d 200 (2d Cir. 2004) (where federal prisoner's application constituted "second or successive 28 U.S.C. § 2255 petition because previous § 2255 motions challenged the same conviction as current application and had been decided on the merits").

In the present case, petitioner has filed a number of habeas petitions challenging the fairness of his sentence. Since December 21, 1982, Petitioner has filed two pro se applications under 28 U.S.C. § 2255, and a third with the assistance of legal counsel. Although framed as a new claim concerning the conditions surrounding his supervised release, in actuality, the instant petition contests Petitioner's original sentence. Therefore, pursuant to § 2244, Petitioner is prohibited from filing a successive petition with this Court.

B.  **Petitioner Has Not Exhausted His Administrative Remedies and Has Failed to Provide a Valid Reason for Collateral Relief**

Petitioner failed to raise the issue of his supervised release on direct review. Ostensibly, Petitioner seeks to argue that, because he served his sentence to the 'mandatory release date,' he should not have been released into the custody of the U.S. Parole Commission, but rather should have been released as if he had served his sentence to the maximum termination date. (Pet'r's Mot. 1.) Petitioner's claim, revolving around his 'mandatory release date' and 'maximum termination date' is the type of claim that should be brought on direct appeal. Where a prisoner fails "to raise his claim on direct review, the writ [of habeas corpus] is available only if the [prisoner] establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'" Reed, 512 U.S. at 354. Actual prejudice is defined as errors that "worked to

his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 355.

Petitioner does not demonstrate "cause" for failure to raise these claims on direct review. "'[C]ause,' under the cause and prejudice test, must be something external to the petitioner, something that cannot fairly be attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray v. Carrier, 477 U.S. 478 (1986)). In the instant case, Petitioner does not set forth any explanation for why he failed to seek direct review of his sentence.

Petitioner's failure to seek a direct appeal, and inability to show cause for said failure, is fatal to his claim.[3]

**C.    Statute of Limitations**

Under 28 U.S.C. § 2255, petitioners are limited to a one-year period in which to move to vacate or set aside their sentence. Specifically, § 2255 provides, in pertinent part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> 1)    the date on which the judgment of conviction becomes final;
> 2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, the statute of limitations began to run when Petitioner's judgment of

---

[3] In the absence of cause for Petitioner's failure to raise his claims on direct review, this Court need not discuss whether he was prejudiced by the harms alleged.

conviction became final on December 8, 1981[4] or on July 20, 2000, when Petitioner was released to the custody of the U.S. Parole Commission. Petitioner does not assert, nor can this Court discern, a basis for concluding that any of the other three triggers are relevant. In cases where a defendant does not seek direct review by the court of appeals, a conviction becomes "final" on the date on which the time for filing a direct appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Under the Federal Rules of Appellate Procedure, a defendant must file a notice of appeal in the district court, within ten days of the entry of the judgment. FED. R. APP. P. 4(b). Therefore, if a defendant does not file a notice of appeal within ten days of the entry of his conviction, that conviction becomes "final" for purposes of triggering the statute of limitations under § 2255, and the one-year clock begins to run.

On July 20, 2000, Petitioner was released to the custody of the U.S. Parole Commission under 18 U.S.C. § 4163 (repealed 1984). Petitioner seeks to have the Court withdraw the "re-arrest of supervised release violations." (Pet'r's Mot. 1.) Petitioner believes he completed his sentence before his arrest for supervised release violations, and states in his petition that his release in July 2000 should not have included supervision by the U.S. Parole Commission. Therefore, in order to have brought his claim within the statute of limitations period, Petitioner would have had to have presented his claim at the time of his release in 2000, or within the following year.[5]

Petitioner was arrested for violation of his supervised release on April 21, 2003,

---

[4] Petitioner filed an appeal of his conviction on December 21, 1981. The appeal was denied on December 21, 1982.

[5] § 2255 provides, in pertinent part, that:
> A 1-year period of limitation shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

7

sentenced on July 12, 2003 (to a 1-year term of imprisonment dating back to April 21, 2003), and released to the custody of the U.S. Parole Commission on April 21, 2004.  At no point during this time did petitioner file a direct appeal of his supervised release.  Therefore, his conviction became final either ten days after judgment was entered on December 8, 1981, or within 1 year of his July 20, 2000 supervised release.  Under either determination, the right to file for direct review has since expired and Petitioner's claim fails to meet the applicable statute of limitations.  Therefore, his petition is denied.

## **CONCLUSION**

For the reasons set forth in this Opinion, the petition is denied.  It is further decided, pursuant to 28 U.S.C. § 2253(c)(2), that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

Dated: December 27, 2005

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.